## DAVIS *v*. DAVIS.

No. 15096.   MARCH 7, 1945.

*A. M. Zellner,* for plaintiff.
*Williams & Freeman,* for defendant.

WYATT, Justice.  There was a sharp conflict in the evidence on all issues raised by the pleadings.  The plaintiff offered evidence which, if believed, showed that a parol gift of land had been made by the defendant to her and her husband; that she and her husband entered into possession of the land, made valuable improvements thereon, and remained in undisturbed possession for a period of more than seven years.  Nothing further appearing, the plain-

tiff would have been entitled to a recovery under the Code, § 48-106. However, the defendant offered evidence to the contrary; and this evidence, if believed by the jury, authorized the jury to find that the possession of the premises by the plaintiff and her husband was not by virtue of a parol gift, but was under a rental agreement; that the plaintiff's husband paid rent to the defendant during the occupancy of the premises by the plaintiff and her husband; that the defendant made oral contracts with others for a portion of the permanent repairs on the premises, and paid for these repairs; that the remainder of the repairs were made at the instance of the plaintiff or her husband, but only after the repairs had been discussed between the defendant and the plaintiff's husband and an agreement reached that the cost of such repairs, which were to be paid for by the plaintiff's husband, should be applied as a credit on the rentals of the property; that the defendant never acknowledged to anyone that he had made a gift of the land to his son and daughter-in-law. The undisputed evidence showed that, during the occupancy of the premises by the plaintiff and her husband, the property was returned for taxation in the name of the defendant. The plaintiff testified that, during this period, she paid the taxes on the property by turning the money for their payment over to the defendant at the instance of her husband. The defendant denied this contention, and testified that he paid all the taxes on the property; that he had a homestead exemption on his own home, but no homestead exemption had been claimed on the property in dispute.

The jury by their verdict resolved the controversy in favor of the defendant, believing his contentions in preference to those of the plaintiff, as they had a right to do under the evidence. The verdict was amply supported by the evidence, and, having the approval of the trial court, will not be disturbed.

*Judgment affirmed.  All the Justices concur.*